IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RAYMOND A. PROFIT,

    Plaintiff,

v.                                                       CASE NO. 1:19-cv-129-MW-GRJ

DAVID RABON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Judgment on the Pleadings. ECF No. 41. For the reasons explained below, it is respectfully **RECOMMENDED** that Plaintiff's motion should be **DENIED as premature**.

Plaintiff, a pretrial detainee at the Alachua County Jail, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 17. Defendants are Alachua County Sheriff Sadie Darnell, as well as corrections officers and employees at the Alachua County Jail. Plaintiff challenges the constitutionality of the jail's postcard policy, which, he claims, prevented his receipt of a mail-order book catalog on May 15, 2019. *Id.* at 12.

Defendants moved to dismiss Plaintiff's claim, arguing the postcard policy is reasonably related to the jail's penological interests and therefore

constitutional under *Turner v. Safley*, 482 U.S. 78 (1987).  ECF Nos. 22, 25.  On January 9, 2020, the undersigned recommended Defendants' motions be denied because the central question in this case—whether Defendants' application of the postcard policy to Plaintiff's book catalog is reasonably related to the jail's legitimate penological interests—could not be resolved without a record for the Court to engage in the appropriate *Turner* inquiry.  ECF No. 29.  On February 11, 2020, the district judge adopted the undersigned's report and recommendation and Defendants' motions were denied.  ECF No. 37.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).  When resolving a motion filed under Rule 12(c), the Court will only consider the pleadings (i.e., the plaintiff's complaint and the defendant's answer) and any exhibits thereto.  Fed. R. Civ. P. 7(a); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  "The significant difference between a motion for judgment on the pleadings and a motion for summary judgment is that the former is based solely on the pleadings, while the latter functions to go

beyond the pleadings." *Rockwood Ins. Co. v. Ill. State Med. Inter-Ins. Exch.*, 646 F. Supp. 1185, 1191 (N.D. Ind. 1986).

Plaintiff states in his one-page handwritten motion that he is entitled to judgment on the pleadings because the Second Amended Complaint "states facts sufficient to constitute a cause of action against the defendants and the answer does not state facts sufficient to constitute a defense to the complaint." ECF No. 41. Defendants, however, have not filed their Answer(s).[1] It is axiomatic that the Court cannot resolve a motion for judgment on the pleadings before the pleadings have closed. Fed. R. Civ. P. 12(c); *Perez*, 774 F.3d at 1336–37; *see also Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) ("[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming … that no counterclaim or cross-claim is made."). Plaintiff's motion, therefore, is due to be denied as premature.[2]

---

[1] Rule 12(a)(4) governs Defendants' deadline to respond to the Second Amended Complaint. *See* Fed. R. Civ. P. 12(a)(4) (Unless the court sets a different time, serving a motion under this rule alters these periods as follows…if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action[.]")

[2] Plaintiff's motion is also procedurally deficient because it was not filed with a supporting memorandum of law. *See* N.D. Fla. Loc. R. 7.1(E) ("A party who files a written motion must file a supporting memorandum in the same document with, or at the same time as, the motion.").

3

Moreover, without prejudging any arguments Plaintiff may raise in a properly filed dispositive motion, Plaintiff is cautioned that it is unlikely this case will resolve on a motion for judgment on the pleadings. As the undersigned emphasized previously, the parties must present a record for the Court to examine the Alachua County Jail's security interests, if any, in Plaintiff's receipt of his book catalog. *See* ECF No. 29 at 9–12.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Judgment on the Pleadings, ECF No. 41, should be **DENIED as premature**.

**IN CHAMBERS** this 2nd day of March 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.